Ana Ferreira, Esq.
Ferreira Law
8100 Castor Avenue
Philadelphia, PA 19152
Phone: 267-521-2143
ana@anaferreiralaw.com
Pennsylvania Bar ID: 319949

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUBERKI ALMONTE SANCHEZ | ) | |
| JUAN CARLOS GARCIA FRIAS | ) | |
| Plaintiffs, | ) | CASE NUMBER: 26-7880 |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | WRIT OF MANDAMUS |
| JOSEPH B. EDLOW, | ) | AND ACTION UNDER |
| as Director of the U.S. Citizenship | ) | ADMINISTRATIVE PROCEDURE ACT |
| and Immigration Services, | ) | |
| in his official capacity; | ) | |
| | ) | |
| TONY BRYSON, | ) | |
| as Field Office Director, | ) | |
| USCIS Philadelphia Field Office, | ) | |
| in his official capacity; | ) | |
| | ) | |
| TODD BLANCHE, | ) | |
| as Attorney General of the U.S. | ) | |
| in his official capacity; | ) | |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| as Secretary of the Department | ) | |
| of Homeland Security, | ) | |
| in his official capacity; | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1. This is a narrow Administrative Procedure Act and mandamus action seeking a single form of relief: an order requiring U.S. Citizenship and Immigration Services ("USCIS") to adjudicate a properly filed and interview-ready Form I-485, Application to Register Permanent Residence or Adjust Status, within a reasonable, court-imposed deadline. Plaintiffs do not seek an order compelling approval of the application. They seek only the agency decision that Congress, the governing regulations, and USCIS policy expressly contemplate.

2. Plaintiff Yuberki Almonte Sanchez is a United States citizen. She has been married to Plaintiff Juan Carlos Garcia Frias since December 3, 2014. On May 4, 2022, Plaintiff Almonte Sanchez filed a Form I-130, Petition for Alien Relative, on behalf of her husband. On the same date, Plaintiff Garcia Frias concurrently filed a Form I-485, Application to Register Permanent Residence or Adjust Status.

3. USCIS approved the Form I-130 on July 28, 2025, formally recognizing the bona fide marital relationship and classifying Plaintiff Garcia Frias as the immediate relative spouse of a United States citizen under INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). An immigrant visa is immediately available.

4. The Form I-485 has been pending for approximately fifty-three months. Plaintiff Garcia Frias completed biometrics, and USCIS twice scheduled him for an adjustment interview at the Philadelphia Field Office. The first interview was scheduled for May 25, 2023, and

the second for May 15, 2024. Both interviews were canceled during his prior counsel's representation. Since the July 28, 2025 approval of the predicate I-130, more than fourteen months have passed, during which USCIS has not rescheduled an interview, issued a Request for Evidence, or taken any adjudicatory action on the Form I-485.

5. The APA requires agencies to conclude matters presented to them within a reasonable time. Here, continued inaction causes concrete and escalating harm to the U.S. citizen Plaintiff, including prolonged interference with her marital and family life and the indefinite denial of the statutory determination Congress authorized her to seek. It also causes continuing harm to Plaintiff Garcia Frias, who remains in a prolonged state of immigration limbo despite the approval of the predicate petition.

6. Plaintiffs therefore ask the Court to compel Defendants to adjudicate the pending Form I-485 by a date certain, and for such other relief as the Court deems just and proper.

## I. JURISDICTION AND VENUE

### A. Jurisdiction

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Defendants have a clear, nondiscretionary duty to adjudicate Plaintiff Garcia Frias's Form I-485 within a reasonable time. The duty to adjudicate is owed to Plaintiff Almonte Sanchez, as the United States citizen petitioner whose approved Form I-130 is the predicate for the pending adjustment application, and to Plaintiff Garcia Frias as the applicant. This action seeks to

compel agency action unlawfully withheld or unreasonably delayed; it does not seek to dictate the outcome of the adjudication.

## B. Venue

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C). Plaintiffs reside in Philadelphia, Pennsylvania, which lies within the Eastern District of Pennsylvania. Venue is therefore proper in this District based on the residence of a Plaintiff in an action against federal officers and agencies. *See* 28 U.S.C. § 1391(e)(1)(C); *Sanghvi v. U.S. Dep't of Homeland Sec.*, 2015 WL 13653919, at *4 (E.D. Pa. Apr. 9, 2015).

9. Venue is additionally proper because a substantial part of the events or omissions giving rise to this action occurred in this District. Defendants' ongoing failure to adjudicate the Form I-485 constitutes agency inaction reviewable under the Administrative Procedure Act, the effects of which are experienced by both Plaintiffs in this District, including prolonged interference with marital and family life. The Form I-485 is pending at the USCIS Philadelphia Field Office, which is located in this District. *See Almaklani v. McAleenan*, 2019 WL 1239720, at *4 (E.D. Pa. Mar. 18, 2019) (holding that venue is proper where plaintiff experiences the effects of agency delay); *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014) (venue proper where petitioner resides).

10. No real property is involved in this action.

## II. PARTIES

11. Plaintiff Yuberki Almonte Sanchez is a United States citizen residing in Philadelphia, Pennsylvania. She is the petitioner of the approved Form I-130, Petition for Alien Relative, filed on behalf of her husband.

12. Plaintiff Juan Carlos Garcia Frias is a native and citizen of the Dominican Republic residing in Philadelphia, Pennsylvania. He is the beneficiary of the approved Form I-130 and the applicant on the pending Form I-485.

13. Plaintiffs have standing because Defendants' failure to adjudicate the Form I-485 has caused concrete and particularized injury, including prolonged interference with Plaintiffs' marital and family life, continuing uncertainty about Plaintiff Garcia Frias's immigration status, and the denial to Plaintiff Almonte Sanchez of the statutory determination Congress authorized her to seek by filing the Form I-130.

14. Defendant Joseph B. Edlow is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services ("USCIS"). He is generally charged with supervisory authority over all USCIS operations and adjudications, including those conducted at the USCIS Philadelphia Field Office, where Plaintiff Garcia Frias's Form I-485 is currently pending.

15. Defendant Tony Bryson is sued in his official capacity as the Field Office Director of the USCIS Philadelphia Field Office. In this role, he is generally charged with overseeing the activity and adjudicatory functions of the Philadelphia Field Office, including the adjudication of adjustment of status applications filed by applicants residing within the Field Office's jurisdiction.

16. Defendant Todd Blanche is sued in his official capacity as the Attorney General of the United States. Pursuant to 8 U.S.C. § 1103, the Attorney General is charged with determining questions of law relating to immigration and nationality and with representing the United States of America in legal matters in which the United States is a party.

17. Defendant Markwayne Mullin is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS"), the federal department under which USCIS operates. In this role, the Secretary is generally charged with the administration and enforcement of the Immigration and Nationality Act ("INA") and is authorized to delegate such powers and authority to subordinate officers and employees of DHS pursuant to 8 U.S.C. § 1103(a).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED

18. Plaintiffs are not required to exhaust administrative remedies prior to seeking judicial relief in this action.

19. The Administrative Procedure Act does not impose a general exhaustion requirement unless a statute or agency rule expressly requires exhaustion and makes the administrative action in question inoperative pending review. *See* 5 U.S.C. § 704; *Darby v. Cisneros*, 509 U.S. 137, 154 (1993).

20. Plaintiffs do not challenge the merits of a discretionary decision, nor do Plaintiffs seek review of a final denial. Rather, Plaintiffs challenge Defendants' failure to act and unreasonable delay, which are independently reviewable under the APA. *See* 5 U.S.C. §§ 555(b), 706(1).

21. Exhaustion is also excused where pursuing administrative remedies would be futile, inadequate, or would cause irreparable harm. Plaintiff Almonte Sanchez, as the U.S. citizen petitioner, and Plaintiff Garcia Frias, as the applicant, have no administrative mechanism to compel USCIS to adjudicate a pending Form I-485, and further administrative efforts would be futile. *See McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992).

## **IV. FACTUAL BACKGROUND**

22. Plaintiffs Yuberki Almonte Sanchez and Juan Carlos Garcia Frias were married on December 3, 2014, and have remained married since that date.

23. Plaintiff Almonte Sanchez previously filed a Form I-130 on behalf of Plaintiff Garcia Frias. On March 15, 2019, the USCIS Philadelphia Field Office Director denied the petition. On May 12, 2021, the Board of Immigration Appeals dismissed Plaintiffs' appeal, concluding that the then-existing record did not establish bona fides of the marriage, and expressly noting that "[t]he petitioner may file a new visa petition on behalf of the beneficiary with evidence that the beneficiary qualifies for the benefit sought." A true and correct copy of the Board's decision is attached as Exhibit A.

24. On May 4, 2022, Plaintiff Almonte Sanchez filed a new Form I-130, Petition for Alien Relative, on behalf of Plaintiff Garcia Frias, consistent with the Board's guidance and supported by additional evidence of the parties' bona fide marital relationship. The Form I-130 was assigned Receipt Number IOE0916168508.

25. Concurrently with the Form I-130, Plaintiff Garcia Frias filed Form I-485, Application to Register Permanent Residence or Adjust Status, on May 4, 2022. The Form I-485 was assigned Receipt Number IOE0916168507.

26. USCIS issued a biometrics appointment notice in connection with the Form I-485. Plaintiff Garcia Frias timely appeared and provided his biometrics as directed.

27. On April 27, 2023, USCIS issued a notice scheduling Plaintiff Garcia Frias and Plaintiff Almonte Sanchez for an adjustment of status interview at the USCIS Philadelphia Field Office on May 25, 2023, at 8:15 a.m. A true and correct copy of the Interview Notice is attached as Exhibit B

28. On December 9, 2024, USCIS issued a Notice of Interview Cancellation stating that the May 25, 2023 Form I-485 interview had been canceled "as requested." On the same date, USCIS issued a parallel Notice of Action regarding the Form I-130 stating that an interview scheduled for May 15, 2024 at the Philadelphia Field Office had also been canceled "as requested." Both cancellation notices were addressed to Plaintiffs' prior counsel, The Law Offices of Greg Prosmushkin, which represented Plaintiffs at that time. True and correct copies of the Notices of Interview Cancellation are attached as Exhibits C and D.

29. USCIS has not rescheduled either interview since the December 2024 cancellations. Plaintiffs are and have remained ready, willing, and able to appear for interview at any time USCIS schedules one.

30. On July 28, 2025, USCIS approved the Form I-130, classifying Plaintiff Garcia Frias as the immediate relative spouse of a United States citizen under INA § 201(b), 8 U.S.C. §

1151(b). A true and correct copy of the Form I-130 Approval Notice is attached as Exhibit E.

31. With an approved Form I-130 classifying Plaintiff Garcia Frias as an immediate relative, an immigrant visa is immediately available to him within the meaning of INA § 245(a)(3), 8 U.S.C. § 1255(a)(3).

32. Since the Form I-130 approval on July 28, 2025, more than fourteen months have passed. During that period, USCIS has not rescheduled the adjustment interview, issued a Request for Evidence, issued a Notice of Intent to Deny, or taken any other adjudicatory action on the pending Form I-485.

33. The Form I-485 has now been pending for approximately fifty-three months since filing, and more than fourteen months since the approval of the predicate Form I-130 that rendered the application fully adjudicable.

## V. LEGAL ARGUMENT

### A. USCIS Has a Nondiscretionary Duty to Adjudicate the Form I-485

34. Congress created the adjustment of status process to allow eligible noncitizens, including the immediate relative spouses of United States citizens, to apply for lawful permanent resident status without departing the United States. *See* INA § 245(a), 8 U.S.C. § 1255(a). The statute and its implementing regulations assign USCIS the responsibility to adjudicate such applications. *See* 8 C.F.R. § 245.2(a)(5). While the agency retains discretion over the ultimate outcome of a Form I-485, it does not possess discretion to decline to decide it.

35. Once a Form I-485 is properly filed and the predicate immigrant petition is approved, USCIS has a clear, nondiscretionary duty to adjudicate the application within a reasonable time. The Administrative Procedure Act requires agencies to conclude matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1). The Mandamus Act likewise empowers courts to compel federal officers to perform duties owed to plaintiffs. 28 U.S.C. § 1361.

36. The duty to adjudicate is owed to both Plaintiff Almonte Sanchez, as the United States citizen petitioner whose statutory interest in prompt agency action is directly affected by inaction, and to Plaintiff Garcia Frias, as the applicant seeking the benefit. *See Lovo v. Miller*, 23 F.4th 78, 83–84 (3d Cir. 2022) (recognizing that courts may compel USCIS to adjudicate immigration petitions where the agency has a duty to act). Defendants' continued failure to adjudicate the Form I-485 constitutes agency action unlawfully withheld or unreasonably delayed.

37. This action does not seek to compel approval of the Form I-485 or to dictate the substance of USCIS's decision. Plaintiffs seek only the adjudication that Congress, the governing regulations, and the APA require.

**B. USCIS's Failure to Adjudicate Inflicts Concrete Injury on the U.S. Citizen Petitioner**

38. Defendants' inaction causes direct and ongoing harm to Plaintiff Almonte Sanchez as a United States citizen petitioner. Until USCIS adjudicates the Form I-485, Plaintiff Almonte Sanchez is deprived of the statutory process Congress afforded her to secure her husband's

lawful permanent resident status, the final step in the family-reunification scheme she initiated through her approved Form I-130.

39. Courts in this District have repeatedly recognized that unreasonable delay in adjudicating family-based immigration benefits inflicts concrete injury on the U.S. citizen petitioner by interfering with marital and family unity and by withholding a determination Congress required the agency to make. *See Abdullah v. U.S. Dep't of Homeland Sec.*, 2018 WL 10471734, at *3–4 (E.D. Pa. Dec. 6, 2018).

40. For Plaintiff Almonte Sanchez, the consequences of USCIS's inaction include ongoing uncertainty about her husband's immigration status, interference with the family's ability to plan their lives together, including international travel to visit family members in the Dominican Republic, and the emotional toll of a prolonged state of limbo now entering its fifth year. These injuries are neither abstract nor speculative; they are the foreseeable and continuing result of Defendants' refusal to perform a mandatory adjudicatory task.

**C. The Beneficiary Suffers Independent, Ongoing Injury**

41. Defendants' failure to adjudicate the Form I-485 has also resulted in continuing harm to Plaintiff Garcia Frias. Although the predicate Form I-130 was approved more than fourteen months ago and an immigrant visa is immediately available to him, he remains without lawful permanent resident status, cannot obtain the documentation that status confers, faces continuing restrictions on his ability to travel internationally, and lives with the ongoing instability that accompanies prolonged uncertainty about his status.

42. Courts routinely recognize that such real-world consequences heighten the equities in favor of judicial intervention where agency inaction persists.

**D. Defendants' Delay is Unreasonable Under the Third Circuit's Oil Factors**

43. In the Third Circuit, unreasonable delay claims are evaluated under four factors: (1) the length of time that has elapsed since the agency came under a duty to act; (2) the reasonableness of the delay in light of the statute authorizing agency action; (3) the consequences of the delay; and (4) any administrative justification offered by the agency, including resource constraints or competing priorities. *Oil, Chemical & Atomic Workers Union v. OSHA*, 145 F.3d 120, 123 (3d Cir. 1998).

44. Applying those factors here, Defendants' delay is unreasonable. USCIS has been under a duty to adjudicate the Form I-485 since it was properly filed on May 4, 2022, fifty-three months ago, and has had the application in a fully adjudicable posture since the Form I-130 approval on July 28, 2025, more than fourteen months ago. The statutory context weighs strongly in favor of prompt adjudication, as Congress created the adjustment-of-status process to allow immediate relatives of United States citizens to obtain timely recognition of their status, not to permit indefinite delay. The consequences of delay are substantial: Plaintiff Almonte Sanchez, a United States citizen, continues to suffer prolonged interference with her marital and family life, and Plaintiff Garcia Frias remains in a state of immigration limbo despite being prima facie eligible for the benefit sought. Finally, generalized assertions of administrative burden or competing priorities do not excuse the failure to perform a nondiscretionary duty where the human consequences of delay are substantial. Taken together, the *Oil* factors compel the conclusion that

Defendants' continued failure to adjudicate the Form I-485 is unreasonable and warrants judicial intervention.

**E. Mandamus Relief is Appropriate**

45. Mandamus relief is appropriate where (1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy is available. 28 U.S.C. § 1361.

46. Here, Plaintiffs have a clear right to a decision on the Form I-485; Defendants have a clear, nondiscretionary duty to adjudicate that application; and there is no alternative administrative mechanism by which Plaintiffs can compel USCIS to act. Judicial intervention is therefore warranted to compel Defendants to perform the duty Congress assigned to them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

Issue an order compelling Defendants to perform their duty to adjudicate Plaintiff Garcia Frias's Form I-485 (Receipt Number IOE0916168507) within a Court-imposed deadline deemed reasonable by the Court;

Retain jurisdiction over this matter to ensure Defendants' compliance with the Court's orders;

Award Plaintiffs reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

Grant such other and further relief as the Court deems just and proper.

/s/ Ana Ferreira
Ana Ferreira, Esq.
*Attorney for Plaintiffs*
FERREIRA LAW
8100 Castor Avenue
Philadelphia, PA 19152
ana@anaferreiralaw.com
Phone: 267-521-2143
Pennsylvania Bar ID: 319949

**VERIFICATION**

I, Ana Ferreira, Esq., am an attorney duly admitted to practice before this Court and counsel of record for Plaintiffs in this action.

I declare under penalty of perjury that the factual allegations herein are based upon my personal knowledge, information provided by my clients, review of agency records, and documents maintained in the ordinary course of my legal practice; and

To the best of my knowledge, information, and belief, the factual statements contained herein are true and correct.

Executed on this 14 day of October, 2026

/s/ Ana Ferreira
Ana Ferreira, Esq.